UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

―――

| | | |
|---|---|---|
| MATTHEW CREHAN, | ) | |
| a/k/a MATTHEW-JOSEPH: CREHAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-1038 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| JAMES DAVIS, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This is a civil rights action brought *pro se* under 42 U.S.C. § 1983. The event giving rise to this lawsuit is plaintiff's April 13, 2007 arrest and the impoundment of his pickup truck. Plaintiff later entered a plea of *nolo contendre* in the Muskegon County Circuit Court to the felony of fleeing a police officer in violation of Mich. Comp. Laws § 750.479a(3). Plaintiff was sentenced to 1 year and 3 months' imprisonment and was discharged on July 1, 2011. On September 28, 2011, he filed this lawsuit. His complaint lists five defendants: Officer James Davis of the Norton Shores Police Department, the State of Michigan, the City of Norton Shores, Central Towing Services, LLC, and Edward Higgins. The complaint is divided into five counts:

Count I: A claim against the State of Michigan seeking a judgment declaring Mich. Comp. Laws §§ 257.252 *et seq.* "to be unconstitutional as it applies to storage fees for vehicles seized to preserve evidence of a crime, or if there is reasonable cause to believe that the vehicle was used in the commission of a crime" (Complaint ¶¶ 44-67 and page 14 ¶ B);

Count II: A state-law claim for "claim and delivery" against all defendants asking for the return of a 1988 pickup truck with an estimated value of $1000, law books with an estimated value of $9,423, and signs with an estimated value

          of $750, or at plaintiff's option, "for the value of property and also for damages in an amount to be determined by the jury" (*Id.* at ¶¶ 68-73 and page 14 ¶ C);

Count III:    A state-law claim of conversion against the City of Norton Shores and Central Towing Services, LLC seeking treble damages for the truck, law books, and signs (*Id.* at ¶¶ 74-80);

Count IV:    A state-law claim of "conversion - aiding and abetting" against Central Towing Services, LLC and Edward Higgins seeking treble damages for the same items (*Id.* at ¶¶ 81-89);

Count V:    A state-law claim for "exemplary damages" against the City of Norton Shores, Central Towing Services, LLC, and Edward Higgins for a "wanton disregard for plaintiff's rights" and plaintiff's "feelings of humiliation, outrage and indignity" (*Id.* ¶¶ 90-94).

For the reasons set forth herein, I recommend that all plaintiff's claims against the State of Michigan be dismissed because they are barred by Eleventh Amendment immunity. I further recommend that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state any federal claim upon which relief can be granted. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.

## **Applicable Standards**

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (docket # 4). Under the provisions of federal law, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 2007). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325

(1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure a complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this notice pleading standard does require not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* "[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Generally, in determining whether the complaint states a claim, the court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Claims survive only where the

"factual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

The Supreme Courts *Iqbal* decision emphasized that a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*, 550 U.S.] at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557.

129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)) (internal citations omitted).

**Plaintiff's Allegations**

Plaintiff, Matthew Crehan, also known as Matthew-Joseph: Crehan, is a resident of the City of Roosevelt Park, Michigan. (Complaint ¶ 6).

1. Plaintiff's 2009 Lawsuit

On March 25, 2009, plaintiff filed a lawsuit under section 1983 against Officer James Davis alleging that Davis had used excessive force in the course of plaintiff's April 13, 2007 arrest.

*Crehan v. Davis, et al.*, 1:09-cv-280 (W.D. Mich.).[1] He also named Officer Matthew Rhyndress of the Norton Shores Police Department, Officer Jared Passchier of the Rosevelt Park Police Department, and Officer Timothy Denger of the City of Muskegon Police Department, and all the aforementioned municipalities as defendants. On April 27, 2009, all plaintiff's claims against all defendants other than Officer Davis were dismissed for failure to state a claim upon which relief could be granted. On May 18, 2010, this court granted Defendant Davis's motion for summary judgment. Plaintiff pursued an appeal. On August 25, 2011, the Sixth Circuit reversed the portion of this court's decision granting Davis's motion for summary judgment on the excessive force claim on the basis of qualified immunity. Plaintiff did not appeal this court's dismissal of his claims against the other defendants and the court's decision declining to exercise supplemental jurisdiction over his state-law claims. *Crehan v. Davis, et al.*, No. 10-1832 (6th Cir. Aug. 25, 2011). The claim that Officer Davis used excessive force on April 13, 2007 is the only remaining claim in case number 1:09-cv-280.

      2.      <u>Plaintiff's 2011 Lawsuit</u>

On September 28, 2011, plaintiff filed this lawsuit. He repeats his excessive force allegations from case no. 1:09-cv-280, but here he adds an allegation that on April 13, 2007, Davis requested that plaintiff's 1988 Dodge pickup truck be impounded as fruit of the crime. (Complaint at ¶¶ 25, 27). On April 13, 2007, Central Towing Service, LLC towed away plaintiff's truck and stored it at its facility. (*Id.* at ¶ 26, docket # 1-1 at ID# 15). Plaintiff states that in September 2008

---

[1] The court takes judicial notice of the court records related to case number 1:09-cv-280 and plaintiff's appeal to the Sixth Circuit. *See Lynch v. Leis*, 382 F.3d 642, 648 n. 5 (6th Cir. 2004).

he discovered that truck was scheduled for auction. (Complaint at ¶ 33). The accumulated storage charge as of October 1, 2008 was $13,515. (*Id.* at ¶ 37). On October 1, 2008, Edward Higgins, "the single and sole member of Central Towing Services, LLC," refused to release the pickup truck to plaintiff until he paid the storage fee. (*Id.* at ¶¶ 11, 35-36, docket # 1-1 at ID# 15). On or about May 2, 2009, the vehicle and its contents were sold at auction. (Complaint at ¶ 38). Plaintiff states that the City of Norton Shores could have had his truck towed to a city-owned facility and stored it for him free of charge. (Complaint ¶¶ 29, 30).

Plaintiff states that he purchased the truck from the Michigan Department of Transportation in November 1996 for $2000. He estimates that it was worth $1000 when seized and sold. (Complaint at ¶¶ 39, 69(A)). He indicates that the truck held law books with an estimated value of $9,423.00 and signs with an estimated value of $750.00. (*Id.* at ¶¶ 69(B),(C)). Plaintiff alleges that the truck would not have been auctioned without the approval of the City of Norton Shores and it was auctioned in retaliation for plaintiff's lawsuit against Officer Davis. (*Id.* at ¶¶ 40-43).

**Discussion**

1. <u>Plaintiff's Claims Against the State Are Barred By Sovereign Immunity</u>

The only federal claim is brought against the State of Michigan. Count I seeks a declaration that Mich. Comp. Laws §§ 257.252 *et seq.* is unconstitutional. Sovereign immunity bars all plaintiff's claims against the State. *See Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Ernst v. Rising*, 427 F.3d 351, 365 (6th Cir. 2005)("When a State is sued by name in a lawsuit, sovereign immunity bars the lawsuit regardless of whether monetary relief is sought or

not."). Further, the State of Michigan is not a "person" subject to suit under section 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 654 n. 8 (6th Cir. 2007).

    2.    <u>Plaintiff's Complaint Fails to State a Federal Claim Against Any Other Defendant</u>

Section 1983 is not a source of substantive rights. The statute provides a method for vindicating federal rights elsewhere conferred. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Thus, a court evaluating a § 1983 claim must first identify the constitutional right allegedly infringed. *Albright*, 510 U.S. at 271; *see Josesph v. Curtin*, 410 F. App'x 865, (6th Cir. 2010). Counts II through V of plaintiff's complaint are based on alleged violations of state law. "The violation of a provision of state law is not cognizable under § 1983." *McCarthy v. City of Cleveland*, 626 F.3d 280, 283 n. 1 (6th Cir. 2010). The claims set forth in Counts II through V (claim and delivery, conversion, and exemplary damages) are all created by Michigan law. In the absence of diversity of citizenship and the requisite amount in controversy, this court cannot entertain such claims.

    3.    <u>Supplemental Jurisdiction</u>

Plaintiff asks the court to exercise jurisdiction over purported state-law claims. "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). There is no reason in this case to depart from the general rule.

**Recommended Disposition**

For the foregoing reasons, I recommend that all plaintiff's claims against the State of Michigan be dismissed because they are barred by Eleventh Amendment immunity. I further recommend that plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state any federal claim upon which relief can be granted. I further recommend that the court, in its discretion, decline to exercise supplemental jurisdiction over plaintiff's purported state-law claims.


Dated:  October 28, 2011        /s/  Joseph G. Scoville
                                United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).